

# UNITED STATES DISTRICT COURT
## *District of Rhode Island*

### CLERK'S CERTIFICATE AND APPELLATE COVER SHEET
### ABBREVIATED ELECTRONIC RECORD

| Case Information |
|---|

Case Caption: **Relentless Inc et al** vs. **U.S. Department of Commerce et al**

District Court Number: **1:20-cv-108-WES-PAS**    Presiding Judge: **Judge Smith**

Notice of Appeal filed by: **Plaintiff**    Notice of Appeal document number: **66**

Appeal from: **[64] Opinion and Order, [65] Judgment**

Other information:

Fee status: **Paid**    Pro se case: Yes ☐  No ☑

Emergency or requires expedition: **No**    *If yes, reason:*

| Record Information |
|---|

Motions Pending    Yes ☐    No ☑
*If yes, document #*

Other record information:

Related case(s) on appeal:

| Certification |
|---|

I, Hanorah Tyer-Witek, Clerk of the United States District Court for the District of Rhode Island, do certify that the following annexed electronic documents constitute the abbreviated record on appeal in the above referenced case:

**HANORAH TYER-WITEK**
Clerk of Court

/s/ *Viviana Gonzalez Gomez*
Deputy Clerk

Date: **09/04/2025**

# U.S. District Court
## District of Rhode Island (Providence)
## CIVIL DOCKET FOR CASE #: <u>1:20–cv–00108–WES–PAS</u>

| | |
|---|---|
| Relentless Inc et al v. U.S. Department of Commerce et al | Date Filed: 03/04/2020 |
| Assigned to: District Judge William E. Smith | Date Terminated: 07/15/2025 |
| Referred to: Magistrate Judge Patricia A. Sullivan | Jury Demand: None |
| Case in other court:  U.S. Court of Appeals for the First Circuit, 21–01886 (requires PACER login) | Nature of Suit: 899 Other Statutes: Administrative Procedures Act/Review or Appeal of Agency Decision |
| Cause: 05:702 Administrative Procedure Act | Jurisdiction: U.S. Government Defendant |

**<u>Plaintiff</u>**

**Relentless Inc**        represented by    **John J. Vecchione**
New Civil Liberties Alliance
4250 North Fairfax Dr.
Ste 300
Arlington, VA 22203
202–918–6902
Email: john.vecchione@ncla.legal
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Kara M. Rollins**
New Civil Liberties Alliance
1225 19th Street NW, Ste 450
Washington, DC 20036
202–869–5210
Fax: 202–869–5238
Email: kara.rollins@ncla.legal
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Timothy J. Robenhymer**
Timothy J. Robenhymer
303 Jefferson Blvd.
2nd Floor
Warwick, RI 02888
921–4800
Fax: 921–4805
Email: tjr@lawofficesri.com
*ATTORNEY TO BE NOTICED*

**Kevin J. Holley**
Holley Law, LLC
33 College Hill Road
Suite 25C

Warwick, RI 02886
521–2622
Fax: 521–6901
Email: kevin@holleylawllc.com
*TERMINATED: 02/25/2021*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Huntress, Inc**          represented by     **John J. Vecchione**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Kara M. Rollins**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Timothy J. Robenhymer**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kevin J. Holley**
(See above for address)
*TERMINATED: 02/25/2021*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Seafreeze Fleet LLC**          represented by     **John J. Vecchione**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Kara M. Rollins**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Timothy J. Robenhymer**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kevin J. Holley**
(See above for address)
*TERMINATED: 02/25/2021*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**U.S. Department of Commerce**     represented by     **Alison Finnegan**
U.S. Department of Justice
Environment & Natural Resources
Division–WMRS
4 Constitution Square
150 M Street N.E. Rm. 3.118
Washington, DC 20002
202–305–0500
Email: alison.c.finnegan@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Kristine S. Tardiff**
US Department of Justice
Environmental and Natural Resources
Division
53 Pleasant Street
4th Floor
Concord, NH 03301
603–496–3858
Email: kristine.tardiff@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Defendant**

**Wilbur L. Ross, Jr.**     represented by     **Alison Finnegan**
*in his official capacity as Secretary of*     (See above for address)
*Commerce*     *ATTORNEY TO BE NOTICED*

**Kristine S. Tardiff**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**National Oceanic and Atmospheric**     represented by     **Alison Finnegan**
**Administration**     (See above for address)
*ATTORNEY TO BE NOTICED*

**Kristine S. Tardiff**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Neil Jacobs**     represented by     **Alison Finnegan**
*in his official capacity as Acting*     (See above for address)
*Administrator of NOAA*     *ATTORNEY TO BE NOTICED*

**Kristine S. Tardiff**
(See above for address)

*ATTORNEY TO BE NOTICED*

**Defendant**

| | | |
|---|---|---|
| **National Marine Fisheries Service**<br>*a/k/a NOAA FISHERIES* | represented by | **Alison Finnegan**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |
| | | **Kristine S. Tardiff**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |

**Defendant**

| | | |
|---|---|---|
| **Chris Oliver**<br>*in his official capacity as Assistant*<br>*Administrator for NOAA Fisheries* | represented by | **Alison Finnegan**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |
| | | **Kristine S. Tardiff**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |

| Date Filed | # | Docket Text |
|---|---|---|
| 03/04/2020 | 1 | COMPLAINT ( filing fee paid $ 400.00, receipt number 0103–1480902 ), filed by Seafreeze Fleet LLC, Huntress, Inc, Relentless Inc. (Attachments: # 1 Exhibit, # 2 Civil Cover Sheet, # 3 Attachment to Civil Cover Sheet)(Holley, Kevin) (Entered: 03/04/2020) |
| 03/04/2020 | | Case assigned to District Judge William E. Smith and Magistrate Judge Patricia A. Sullivan. (Hicks, Alyson) (Entered: 03/04/2020) |
| 03/04/2020 | 2 | CASE OPENING NOTICE ISSUED (Hicks, Alyson) (Entered: 03/04/2020) |
| 03/09/2020 | 3 | MOTION for John Vecchione to Appear Pro Hac Vice *for Plaintiffs* ( filing fee paid $ 100.00, receipt number 0103–1481878 ) filed by All Plaintiffs. (Holley, Kevin) (Entered: 03/09/2020) |
| 03/09/2020 | 4 | MOTION for Kara Rollins to Appear Pro Hac Vice *for Plaintiffs* ( filing fee paid $ 100.00, receipt number 0103–1482000 ) filed by All Plaintiffs. (Holley, Kevin) (Entered: 03/09/2020) |
| 03/09/2020 | 5 | Summons Request filed by Huntress, Inc, Relentless Inc, Seafreeze Fleet LLC. (Attachments: # 1 Chris Oliver, # 2 Neil Jacobs, # 3 NMFS, # 4 NOAA, # 5 Wilbur Ross)(Holley, Kevin) (Entered: 03/09/2020) |
| 03/09/2020 | 6 | Corporate Disclosure Statement by Huntress, Inc, Relentless Inc, Seafreeze Fleet LLC. (Holley, Kevin) (Entered: 03/09/2020) |
| 03/09/2020 | 7 | Summons Issued as to All Defendants. (Attachments: # 1 Summons, # 2 Summons, # 3 Summons, # 4 Summons, # 5 Summons)(Hicks, Alyson) (Entered: 03/09/2020) |
| 03/10/2020 | | TEXT ORDER granting 3 Motion to Appear Pro Hac Vice for John Vecchione filed by All Plaintiffs and granting 4 Motion to Appear Pro Hac Vice for Kara Rollins filed by All Plaintiffs. – So Ordered by District Judge William E. Smith on 3/10/2020. |

| | | (McGuire, Vickie) (Entered: 03/10/2020) |
|---|---|---|
| 03/30/2020 | 8 | AFFIDAVIT of Service, filed by Seafreeze Fleet LLC, Huntress, Inc, Relentless Inc for Affidavit of service *for Plaintiffs* Neil Jacobs served on 3/16/2020, answer due 4/6/2020; National Marine Fisheries Service served on 3/16/2020, answer due 4/6/2020; National Oceanic and Atmospheric Administration served on 3/16/2020, answer due 4/6/2020; Chris Oliver served on 3/16/2020, answer due 4/6/2020; Wilbur L. Ross, Jr. served on 3/16/2020, answer due 4/6/2020; U.S. Department of Commerce served on 3/16/2020, answer due 4/6/2020. (Holley, Kevin) (Entered: 03/30/2020) |
| 03/31/2020 | 9 | NOTICE of Appearance by Alison Finnegan on behalf of All Defendants (Finnegan, Alison) (Entered: 03/31/2020) |
| 04/02/2020 | 10 | MOTION to Transfer Case *to the District of Columbia* filed by All Defendants. **Responses due by 4/16/2020.** (Attachments: # 1 Supporting Memorandum, # 2 Proposed Form of Order, # 3 Exhibit A (Loper Bright Enterprises v. Ross, Case No. 20−cv−0466 (D.D.C.)), # 4 Exhibit B (Admin. Office of the Courts, U.S. District Court Judicial Caseload Profiles for D.R.I. and D.D.C.))(Finnegan, Alison) (Entered: 04/02/2020) |
| 04/16/2020 | 11 | RESPONSE In Opposition to 10 MOTION to Transfer Case *to the District of Columbia* filed by All Plaintiffs. **Replies due by 4/23/2020.** (Attachments: # 1 Exhibit A Mulvey Declaration)(Holley, Kevin) (Entered: 04/16/2020) |
| 04/23/2020 | 12 | REPLY to Response re 11 Response to Motion, filed by All Defendants. (Finnegan, Alison) (Entered: 04/23/2020) |
| 04/30/2020 | 13 | ANSWER to Complaint by Neil Jacobs, National Marine Fisheries Service, National Oceanic and Atmospheric Administration, Chris Oliver, Wilbur L. Ross, Jr., U.S. Department of Commerce.(Finnegan, Alison) (Entered: 04/30/2020) |
| 07/09/2020 | 14 | NOTICE by Huntress, Inc, Relentless Inc, Seafreeze Fleet LLC *requesting rule 16 conference* (Holley, Kevin) (Entered: 07/09/2020) |
| 07/14/2020 | | TEXT ORDER: Pursuant to Rule 26 of the Federal Rules of Civil Procedure, the parties are directed to begin their mandatory disclosures immediately, before the Rule 16 conference. To the extent that the parties wish to begin discovery on a cooperative basis prior to the initial conference, they are encouraged to do so. So Ordered by District Judge William E. Smith on 7/14/2020. (Jackson, Ryan) (Entered: 07/14/2020) |
| 08/25/2020 | 15 | MEMORANDUM AND ORDER denying 10 Motion to Transfer Case. So Ordered by District Judge William E. Smith on 8/25/2020. (Jackson, Ryan) (Entered: 08/25/2020) |
| 08/27/2020 | 16 | NOTICE of Hearing: Telephonic Rule 16 Conference *scheduled for WEDNESDAY 9/2/2020 at 9:30 AM* before District Judge William E. Smith. Dial−in instructions will be emailed to all counsel. (Jackson, Ryan) (Entered: 08/27/2020) |
| 08/31/2020 | 17 | NOTICE of Appearance by Kristine S. Tardiff on behalf of All Defendants (Tardiff, Kristine) (Entered: 08/31/2020) |
| 08/31/2020 | 18 | NOTICE by Huntress, Inc, Relentless Inc, Seafreeze Fleet LLC *Plaintiffs' Witness Statement Filed* (Vecchione, John) (Entered: 08/31/2020) |
| 08/31/2020 | 19 | RULE 16 STATEMENT by Neil Jacobs, National Marine Fisheries Service, National Oceanic and Atmospheric Administration, Chris Oliver, Wilbur L. Ross, Jr., U.S. Department of Commerce. (Finnegan, Alison) (Entered: 08/31/2020) |

| | | |
|---|---|---|
| 09/02/2020 | | Minute Entry for proceedings held before District Judge William E. Smith: Telephonic Rule 16 Conference held on 9/2/2020; counsel on call: J. Vecchione; K. Rollins; A. Finnegan; K. Tardiff. (Jackson, Ryan) (Entered: 09/03/2020) |
| 09/11/2020 | 20 | NOTICE by Neil Jacobs, National Marine Fisheries Service, National Oceanic and Atmospheric Administration, Chris Oliver, Wilbur L. Ross, Jr., U.S. Department of Commerce *of Filing Administrative Record* (Attachments: # 1 Exhibit A (Index to Administrative Record), # 2 Exhibit B (Certification))(Finnegan, Alison) (Entered: 09/11/2020) |
| 09/11/2020 | 21 | ADMINISTRATIVE RECORD filed by Neil Jacobs, National Marine Fisheries Service, National Oceanic and Atmospheric Administration, Chris Oliver, Wilbur L. Ross, Jr., U.S. Department of Commerce NOTICE: In order to view this document, you must first log in using your CMECF Filer login.. (Attachments: # 1 Bates Numbers 1−853, # 2 Bates Numbers 854−1409)(Finnegan, Alison) (Entered: 09/11/2020) |
| 09/11/2020 | 22 | ADMINISTRATIVE RECORD filed by Neil Jacobs, National Marine Fisheries Service, National Oceanic and Atmospheric Administration, Chris Oliver, Wilbur L. Ross, Jr., U.S. Department of Commerce NOTICE: In order to view this document, you must first log in using your CMECF Filer login.. (Attachments: # 1 Bates Numbers 1410−2651, # 2 Bates Numbers 2652−3506, # 3 Bates Numbers 3507−3881)(Finnegan, Alison) (Entered: 09/11/2020) |
| 09/11/2020 | 23 | ADMINISTRATIVE RECORD filed by Neil Jacobs, National Marine Fisheries Service, National Oceanic and Atmospheric Administration, Chris Oliver, Wilbur L. Ross, Jr., U.S. Department of Commerce NOTICE: In order to view this document, you must first log in using your CMECF Filer login.. (Attachments: # 1 Bates Numbers 3882−4980, # 2 Bates Numbers 4981−5832)(Finnegan, Alison) (Entered: 09/11/2020) |
| 09/11/2020 | 24 | ADMINISTRATIVE RECORD filed *Bates Numbers 5833−6581* by Neil Jacobs, National Marine Fisheries Service, National Oceanic and Atmospheric Administration, Chris Oliver, Wilbur L. Ross, Jr., U.S. Department of Commerce NOTICE: In order to view this document, you must first log in using your CMECF Filer login.. (Attachments: # 1 Bates Numbers 6582−7596)(Finnegan, Alison) (Entered: 09/11/2020) |
| 09/11/2020 | 25 | ADMINISTRATIVE RECORD filed *Bates Numbers 7597−8814* by Neil Jacobs, National Marine Fisheries Service, National Oceanic and Atmospheric Administration, Chris Oliver, Wilbur L. Ross, Jr., U.S. Department of Commerce NOTICE: In order to view this document, you must first log in using your CMECF Filer login.. (Attachments: # 1 Bates Numbers 8815−9754)(Finnegan, Alison) (Entered: 09/11/2020) |
| 09/11/2020 | 26 | ADMINISTRATIVE RECORD filed *Bates Numbers 9755−10663* by Neil Jacobs, National Marine Fisheries Service, National Oceanic and Atmospheric Administration, Chris Oliver, Wilbur L. Ross, Jr., U.S. Department of Commerce NOTICE: In order to view this document, you must first log in using your CMECF Filer login.. (Attachments: # 1 Bates Numbers 10664−11554)(Finnegan, Alison) (Entered: 09/11/2020) |
| 09/11/2020 | 27 | ADMINISTRATIVE RECORD filed *Bates Numbers 11555−12893* by Neil Jacobs, National Marine Fisheries Service, National Oceanic and Atmospheric Administration, Chris Oliver, Wilbur L. Ross, Jr., U.S. Department of Commerce NOTICE: In order to view this document, you must first log in using your CMECF Filer login.. (Attachments: # 1 Bates Numbers 12894−13544)(Finnegan, Alison) (Entered: |

| | | |
|---|---|---|
| | | 09/11/2020) |
| 09/11/2020 | 28 | ADMINISTRATIVE RECORD filed *Bates Numbers 13545−14488* by Neil Jacobs, National Marine Fisheries Service, National Oceanic and Atmospheric Administration, Chris Oliver, Wilbur L. Ross, Jr., U.S. Department of Commerce NOTICE: In order to view this document, you must first log in using your CMECF Filer login.. (Attachments: # 1 Bates Numbers 14489−15757)(Finnegan, Alison) (Entered: 09/11/2020) |
| 09/11/2020 | 29 | ADMINISTRATIVE RECORD filed *Bates Numbers 15758−16690* by Neil Jacobs, National Marine Fisheries Service, National Oceanic and Atmospheric Administration, Chris Oliver, Wilbur L. Ross, Jr., U.S. Department of Commerce NOTICE: In order to view this document, you must first log in using your CMECF Filer login.. (Attachments: # 1 Bates Numbers 16691−17641)(Finnegan, Alison) (Entered: 09/11/2020) |
| 09/11/2020 | 30 | ADMINISTRATIVE RECORD filed *Bates Numbers 17642−17800* by Neil Jacobs, National Marine Fisheries Service, National Oceanic and Atmospheric Administration, Chris Oliver, Wilbur L. Ross, Jr., U.S. Department of Commerce NOTICE: In order to view this document, you must first log in using your CMECF Filer login.. (Finnegan, Alison) (Entered: 09/11/2020) |
| 09/11/2020 | 31 | NOTICE by Huntress, Inc, Relentless Inc, Seafreeze Fleet LLC *of Joint Proposed Schedule* (Vecchione, John) (Entered: 09/11/2020) |
| 09/11/2020 | 32 | AMENDED DOCUMENT by Neil Jacobs, National Marine Fisheries Service, National Oceanic and Atmospheric Administration, Chris Oliver, Wilbur L. Ross, Jr., U.S. Department of Commerce. Amendment to 20 Notice (Other), . (Attachments: # 1 Exhibit A (Corrected Index to Administrative Record), # 2 Exhibit B (Certification))(Finnegan, Alison) (Entered: 09/11/2020) |
| 09/15/2020 | | TEXT ORDER adopting the joint proposed schedule set forth in ECF No. 31 Notice (Other) filed by Relentless Inc, Seafreeze Fleet LLC, Huntress, Inc. So Ordered by District Judge William E. Smith on 9/15/2020. (Jackson, Ryan) (Entered: 09/15/2020) |
| 10/27/2020 | 33 | NOTICE by Neil Jacobs, National Marine Fisheries Service, National Oceanic and Atmospheric Administration, Chris Oliver, Wilbur L. Ross, Jr., U.S. Department of Commerce *of Filing Supplement to Administrative Record* (Attachments: # 1 Exhibit A (Certification), # 2 Exhibit B (Index))(Finnegan, Alison) (Entered: 10/27/2020) |
| 10/27/2020 | 34 | ADMINISTRATIVE RECORD filed *(Supplement) (Bates Nos. 17801−17814)* by Neil Jacobs, National Marine Fisheries Service, National Oceanic and Atmospheric Administration, Chris Oliver, Wilbur L. Ross, Jr., U.S. Department of Commerce NOTICE: In order to view this document, you must first log in using your CMECF Filer login.. (Attachments: # 1 Bates Nos. 17815−17819)(Finnegan, Alison) (Entered: 10/27/2020) |
| 10/30/2020 | 35 | STIPULATION *and Proposed Order Setting Briefing Schedule* filed by Neil Jacobs, National Marine Fisheries Service, National Oceanic and Atmospheric Administration, Chris Oliver, Wilbur L. Ross, Jr., U.S. Department of Commerce. (Finnegan, Alison) (Entered: 10/30/2020) |
| 11/23/2020 | 36 | Order Setting Brief Schedule: Plaintiffs' Motion for Summary Judgment due by 12/4/2020, and not to exceed 40 pages; Defendants' Cross Motion for Summary Judgment/Response to Plaintiffs' Motion for Summary Judgment due by 1/15/2021, |

| | | |
|---|---|---|
| | | and not to exceed 45 pages; Plaintiffs' Response to Defendants' Motion for Summary Judgment/Reply in support of their Motion for Summary Judgment due by 1/29/2021, and not to exceed 30 pages; and Defendants' Reply in support of thier Cross Motion for Summary Judgment due by 2/12/2021, and not to exceed 25 pages. So Ordered by District Judge William E. Smith on 11/23/2020. (Simoncelli, Michael) (Entered: 11/23/2020) |
| 12/04/2020 | 37 | MOTION for Summary Judgment *for Plaintiffs* filed by Huntress, Inc, Relentless Inc, Seafreeze Fleet LLC. **Responses due by 12/18/2020.** (Attachments: # 1 Supporting Memorandum Summary Judgment Mem, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit, # 7 Exhibit, # 8 Exhibit, # 9 Exhibit, # 10 Exhibit, # 11 Exhibit, # 12 Exhibit, # 13 Exhibit, # 14 Exhibit, # 15 Exhibit, # 16 Exhibit)(Vecchione, John) (Entered: 12/04/2020) |
| 01/15/2021 | 38 | Cross MOTION for Summary Judgment filed by Neil Jacobs, National Marine Fisheries Service, National Oceanic and Atmospheric Administration, Chris Oliver, Wilbur L. Ross, Jr., U.S. Department of Commerce. **Responses due by 1/29/2021.** (Attachments: # 1 Supporting Memorandum, # 2 Proposed Order)(Finnegan, Alison) (Entered: 01/15/2021) |
| 01/15/2021 | 39 | RESPONSE In Opposition to 37 MOTION for Summary Judgment *for Plaintiffs* filed by All Defendants. **Replies due by 1/22/2021.** (Finnegan, Alison) (Entered: 01/15/2021) |
| 01/29/2021 | 40 | RESPONSE In Opposition to 38 Cross MOTION for Summary Judgment filed by All Plaintiffs. **Replies due by 2/5/2021.** (Vecchione, John) (Entered: 01/29/2021) |
| 01/29/2021 | 41 | REPLY to Response re 39 Response to Motion *Reply to Defendants' Response to Plaintiffs' Motion for Summary Judgment* filed by All Plaintiffs. (Vecchione, John) (Entered: 01/29/2021) |
| 02/05/2021 | 42 | MOTION to Withdraw as Attorney filed by All Plaintiffs. **Responses due by 2/19/2021.** (Robenhymer, Timothy) (Entered: 02/05/2021) |
| 02/12/2021 | 43 | REPLY to Response re 41 Reply to Response, 40 Response to Motion filed by All Defendants. (Finnegan, Alison) (Entered: 02/12/2021) |
| 02/25/2021 | | TEXT ORDER granting 42 Motion to Withdraw as Attorney. Attorney Kevin J. Holley terminated. So Ordered by District Judge William E. Smith on 2/25/2021. (Jackson, Ryan) (Entered: 02/25/2021) |
| 03/26/2021 | 44 | NOTICE by Huntress, Inc, Relentless Inc, Seafreeze Fleet LLC re 37 MOTION for Summary Judgment *for Plaintiffs Regarding facts subsequent to SJ* (Vecchione, John) (Entered: 03/26/2021) |
| 06/01/2021 | 45 | NOTICE by Huntress, Inc, Relentless Inc, Seafreeze Fleet LLC re 37 MOTION for Summary Judgment *for Plaintiffs Second Subsequent Facts* (Attachments: # 1 Exhibit Notice of New Date For Monitoring)(Vecchione, John) (Entered: 06/01/2021) |
| 06/08/2021 | | NOTICE of Hearing on 37 MOTION for Summary Judgment *for Plaintiffs* and 38 Cross MOTION for Summary Judgment: Motion Hearing via Zoom ***scheduled for TUESDAY 7/27/2021 at 10:00 AM as a Remote Hearing*** before District Judge William E. Smith; Zoom information below.<br><br>(**Zoom Meeting ID: 160 634 6566, Passcode: 003698**) (Jackson, Ryan) (Entered: 06/08/2021) |

| 06/16/2021 | 46 | NOTICE by Neil Jacobs, National Marine Fisheries Service, National Oceanic and Atmospheric Administration, Chris Oliver, Wilbur L. Ross, Jr., U.S. Department of Commerce *of Supplemental Authority* (Attachments: # 1 Exhibit A (Memorandum Opinion & Order in Loper Bright Enterprises v Ross (D.D.C.)))(Finnegan, Alison) (Entered: 06/16/2021) |
|---|---|---|
| 07/27/2021 | | Minute Entry for proceedings held before District Judge William E. Smith: Motion Hearing held on 7/27/2021 re 37 MOTION for Summary Judgment *for Plaintiffs* filed by Relentless Inc, Seafreeze Fleet LLC, Huntress, Inc, 38 Cross MOTION for Summary Judgment filed by Wilbur L. Ross, Jr., U.S. Department of Commerce, National Marine Fisheries Service, National Oceanic and Atmospheric Administration, Chris Oliver, Neil Jacobs. John Vecchione & Timothy Robenhymer for Plaintiff. Alison Finnegan & Kristine Tardiff for Defendants. Plaintiff and Defendant present arguments to the Court. Court to take under advisement. Order to issue. Court adjourned. (Court Reporter Lisa Schwam in Courtroom Zoom Video at 10:00 am.) (McGuire, Vickie) (Entered: 07/27/2021) |
| 09/20/2021 | 47 | OPINION AND ORDER: Plaintiffs' Motion for Summary Judgment, ECF No. 37 , is DENIED, and Defendants' Cross–Motion for Summary Judgment, ECF No. 38 , isGRANTED. So Ordered by District Judge William E. Smith on 9/20/2021. (Urizandi, Nisshy) (Entered: 09/20/2021) |
| 09/20/2021 | 48 | JUDGMENT in favor of National Marine Fisheries Service, National Oceanic and Atmospheric Administration, U.S. Department of Commerce, Chris Oliver, Neil Jacobs, Wilbur L. Ross, Jr. against Huntress, Inc, Relentless Inc, Seafreeze Fleet LLC. So Ordered by The Clerk of Court on 9/20/2021. (Urizandi, Nisshy) (Entered: 09/20/2021) |
| 10/28/2021 | 49 | NOTICE OF APPEAL by Huntress, Inc, Relentless Inc, Seafreeze Fleet LLC as to 47 Order on Motion for Summary Judgment, ( filing fee paid $ 505.00, receipt number ARIDC–1680920 )<br><br>**NOTICE TO COUNSEL: Counsel should register for a First Circuit CM/ECF Appellate Filer Account at http://pacer.psc.uscourts.gov/cmecf/. Counsel should also review the First Circuit requirements for electronic filing by visiting the CM/ECF Information section at  http://www.ca1.uscourts.gov/cmecf** Appeal Record due by 11/4/2021. (Vecchione, John) (Entered: 10/28/2021) |
| 10/28/2021 | 50 | CLERK'S CERTIFICATE AND APPELLATE COVER SHEET: Abbreviated record on appeal consisting of notice of appeal, order(s) being appealed, and a certified copy of the district court docket report transmitted to the U.S. Court of Appeals for the First Circuit in accordance with 1st Cir. R. 11.0(b). 49 Notice of Appeal,,,. (Attachments: # 1 Relentless ROA)(DaCruz, Kayla) (Attachment 1 replaced on 10/29/2021) (DaCruz, Kayla). (Entered: 10/28/2021) |
| 10/29/2021 | | USCA Case Number 21–1886 for 49 Notice of Appeal, filed by Relentless Inc, Seafreeze Fleet LLC, Huntress, Inc. (Kenny, Meghan) (Entered: 10/29/2021) |
| 03/17/2023 | 51 | OPINION of the U.S. Court of Appeals for the First Circuit entered as to 49 Notice of Appeal filed by Relentless Inc, Seafreeze Fleet LLC, Huntress, Inc. (DaCruz, Kayla) (Entered: 03/17/2023) |
| 03/17/2023 | 52 | JUDGMENT of the U.S. Court of Appeals for the First Circuit entered as to 49 Notice of Appeal filed by Relentless Inc, Seafreeze Fleet LLC, Huntress, Inc. Affirmed. (DaCruz, Kayla) (Entered: 03/17/2023) |

| 05/10/2023 | 53 | MANDATE of the U.S. Court of Appeals for the First Circuit issued as to and in accordance with 52 Judgment of the U.S. Court of Appeals for the First Circuit (Kenny, Meghan) (Entered: 05/10/2023) |
|---|---|---|
| 11/30/2023 | 54 | DOCKET NOTE: Letter received from the Supreme Court of the United States requesting transfer of the District Court record. Record transferred to SCOTUS in accordance with the letter. (Attachments: # 1 Letter) (Simoncelli, Michael) (Entered: 11/30/2023) |
| 08/01/2024 | 55 | JUDGMENT of the U.S. Court of Appeals for the First Circuit entered as to 49 Notice of Appeal filed by Relentless Inc, Seafreeze Fleet LLC, Huntress, Inc. JUDGMENT entered by William J. Kayatta, Jr., Appellate Judge; Kermit V. Lipez, Appellate Judge and Ojetta Rogeriee Thompson, Appellate Judge. 21–1886. Vacated and Remanded. [21–1886] (Hill, Cherelle) (Entered: 08/01/2024) |
| 08/01/2024 | | NOTICE of Hearing: Status Conference set for 8/22/2024 at 11:00 AM by Remote Hearing before District Judge William E. Smith. This is a non–public conference for attorneys of record only. (Meeting ID: 161 843 7684, Passcode: 703245) (Urizandi, Nissheneyra) (Entered: 08/01/2024) |
| 08/22/2024 | | Minute Entry for proceedings held before District Judge William E. Smith: Status Conference held on 8/22/2024. (Vecchione, Finnegan) Parties are to submit a proposed briefing schedule. (Urizandi, Nissheneyra) (Entered: 08/23/2024) |
| 09/03/2024 | 56 | STIPULATION *& Proposed Order Setting Briefing Schedule* filed by All Defendants. (Finnegan, Alison) (Entered: 09/03/2024) |
| 09/13/2024 | 57 | ORDER entering 56 Stipulation re Briefing Schedule. So Ordered by District Judge William E. Smith on 9/13/2024. (Urizandi, Nissheneyra) (Entered: 09/13/2024) |
| 09/26/2024 | 58 | MANDATE of the U.S. Court of Appeals for the First Circuit issued as to and in accordance with 49 Notice of Appeal, filed by Relentless Inc, Seafreeze Fleet LLC, Huntress, Inc. [21–1886] (Gonzalez Gomez, Viviana) (Entered: 09/26/2024) |
| 09/26/2024 | 59 | SUPPLEMENTAL MEMORANDUM by Huntress, Inc, Relentless Inc, Seafreeze Fleet LLC in support of 57 Order, 37 MOTION for Summary Judgment *for Plaintiffs Supplemental Memorandum of Plaintifs*. (Attachments: # 1 Exhibit Testimony of Henry Mitchell, Esq.)(Vecchione, John) (Entered: 09/26/2024) |
| 10/25/2024 | 60 | SUPPLEMENTAL MEMORANDUM by All Defendants in support of 57 Order, 38 Cross MOTION for Summary Judgment . (Finnegan, Alison) (Entered: 10/25/2024) |
| 11/07/2024 | 61 | STIPULATION *& Proposed Order for Revisions to the Briefing Schedule* filed by All Defendants. (Finnegan, Alison) (Entered: 11/07/2024) |
| 11/12/2024 | 62 | SUPPLEMENTAL MEMORANDUM by All Plaintiffs in opposition to 60 Supplemental Memorandum in Support *of Government's Supplemental*. (Vecchione, John) (Entered: 11/12/2024) |
| 11/26/2024 | 63 | SUPPLEMENTAL MEMORANDUM by All Defendants in opposition to 59 Supplemental Memorandum in Support, 62 Supplemental Memorandum in Opposition . (Finnegan, Alison) (Entered: 11/26/2024) |
| 07/15/2025 | 64 | OPINION AND ORDER denying Plaintiffs' 37 Motion for Summary Judgment and granting Defendants' Cross Motion for Summary Judgment 38 . So Ordered by Senior Judge William E. Smith on 7/15/2025. (Simoncelli, Michael) (Entered: 07/15/2025) |

| 07/15/2025 | 65 | JUDGMENT. So Ordered by Clerk of Court on 7/15/2025. (Simoncelli, Michael) (Entered: 07/15/2025) |
|---|---|---|
| 09/03/2025 | 66 | NOTICE OF APPEAL by Huntress, Inc, Relentless Inc, Seafreeze Fleet LLC as to 64 Opinion and Order, 65 Judgment ( filing fee paid $ 605.00, receipt number CRIDC−2179235 ).<br><br>**NOTICE TO COUNSEL: Counsel should register for a First Circuit CM/ECF Appellate Filer Account at http://pacer.psc.uscourts.gov/cmecf/. Counsel should also review the First Circuit requirements for electronic filing by visiting the CM/ECF Information section at  http://www.ca1.uscourts.gov/cmecf** Appeal Record due by 9/10/2025. (Vecchione, John) *Docket text corrected by Clerk's Office on 9/4/2025.* (Gonzalez Gomez, Viviana) (Entered: 09/03/2025) |

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

Relentless Inc., et al.,
_____

                Plaintiff

          v.                                    Case No. ___1:20-cv-00108-WES___

U.S. Dept. of Commerce, et al.,
_____

                Defendant

### NOTICE OF APPEAL

Notice is hereby given that ___Relentless, Inc.; Huntress, Inc.; Seafreeze Fleet LLC___,
                                                    Name

the ___Plaintiffs___ in the above-referenced matter, hereby appeals to the United States
          Party Type

Court of Appeals for the First Circuit from the:

☑ Final judgment entered on ___7/15/2025___.
                                          Date of Judgment

                                  and/or

☐ The order _____ entered on _____.
                    Description of Order                              Date of Order

John J. Vecchione                        Respectfully submitted,
_____
Name                                     /s/ John J. Vecchione
                                         _____
Admitted pro hac vice                    Signature
_____
Bar Number                               9/3/2025
                                         _____
New Civil Liberties Alliance             Date
_____
Firm/Agency                              2029186902
                                         _____
4250 Fairfax Dr., Suite 300              Telephone Number
_____
Address                                  john.vecchione@ncla.legal
                                         _____
Arlington Va., 2203                      Email Address
_____
City/State/Zip Code

Reset Form              Print Form              Save Form

12

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

```
_____
                                       )
RELENTLESS INC., et al.,               )
                                       )
        Plaintiffs,                    )
                                       )
     v.                                )   C.A. No. 20-108 WES
                                       )
U.S. DEPARTMENT OF COMMERCE,           )
et al.,                                )
                                       )
        Defendants.                    )
_____)
```

### OPINION AND ORDER

WILLIAM E. SMITH, Senior District Judge.

The Magnuson-Stevens Act regulates the conservation and management of the United States' fishery resources. Under the Act, the National Marine Fisheries Service enacted a regulation that sometimes requires vessels fishing for Atlantic herring to bear costs associated with carrying aboard a mandated at-sea monitor. Plaintiffs, owners and operators of Atlantic herring fishing vessels, challenge this regulation as unlawful under the Administrative Procedure Act.

Pending before the Court are Plaintiffs' Motion for Summary Judgment, Dkt. No. 37, and Defendants' Cross Motion for Summary Judgment, Dkt. No. 38. For the reasons below, the Court DENIES Plaintiffs' Motion and GRANTS Defendants' Cross Motion.[1]

---

[1] The Court substitutes the Secretary of Commerce, Howard W. Lutnick, for Gina M. Raimondo; Laura Grimm, NOAA Administrator,

## I. BACKGROUND

### A. The Magnuson-Stevens Act

To address the "depletion of the nation's fish stocks due to overfishing," Congress passed the 1976 Magnuson-Stevens Fishery Conservation and Management Act ("MSA"), Pub. L. No. 94-265, 90 Stat. 331 (codified as amended at 16 U.S.C. §§ 1801-1884). Goethel v. U.S. Dep't of Com., 854 F.3d 106, 108-09 (1st Cir. 2017) (quoting Associated Fisheries of Me., Inc. v. Daley, 127 F.3d 104, 107 (1st Cir. 1997)). Through the MSA, Congress sought to "take immediate action to conserve and manage the fishery resources found off the coasts of the United States" and "to promote domestic commercial and recreational fishing under sound conservation and management principles." 16 U.S.C. § 1801(b)(1), (3).[2]

Among other things, the MSA (1) requires the "preparation and implementation" of fishery management plans; and (2) establishes "Regional Fishery Management Councils" tasked with "prepar[ing], monitoring, and revisi[ng]" the plans. Id. § 1801(b)(4), (5). The MSA further addresses fishery management plans in two other key places. First, Section 1851(a) provides ten "national

_____

for Richard Spinrad; and Eugenio Piñeiro Soler, Assistant Administrator for NOAA Fisheries, for Janet Coit. See Fed. R. Civ. P. 25(d).

[2] "The term 'fishery' means one or more stocks of fish which can be treated as a unit for purposes of conservation and management . . . and any fishing for such stocks." 16 U.S.C. § 1802(13) (citation modified).

standards for fishery conservation and management" (the "National Standards") with which fishery management plans and implementing regulations "shall be consistent[.]"  Second, Section 1853 dictates the plans' specific contents.

As to contents, fishery management plans must include certain provisions.  Id. § 1853(a).  Relevant to this dispute, a plan "shall contain the conservation and management measures . . . which are necessary and appropriate for the conservation and management of the fishery, to prevent overfishing and rebuild overfished stocks, and to protect, restore, and promote the long-term health and stability of the fishery."  Id. § 1853(a)(1)(A).

Fishery management plans may include certain other provisions.  Id. § 1853(b).  The MSA lists some example discretionary provisions.  Id. § 1853(b)(1)-(12).  Relevant to this case, Subsection (b)(8) permits plans to "require that one or more observers be carried on board a vessel of the United States engaged in fishing for species that are subject to the plan[.]"  But the list is not exclusive; plans may also "prescribe such other measures, requirements, or conditions and restrictions as are determined to be necessary and appropriate for the conservation and management of the fishery."  Id. § 1853(b)(14).

Finally, to implement fishery management plans or plan amendments, a regional council may propose regulations that the council "deems necessary or appropriate."  Id. § 1853(c).

The MSA tasks the Secretary of Commerce ("the Secretary") with reviewing all fishery management plans for consistency with applicable law and publishing them for a sixty-day period of notice and comment. <u>Id.</u> § 1854(a)(1). After considering the comments, the Secretary "shall approve, disapprove, or partially approve" the plans. <u>Id.</u> § 1854(a)(3). The implementing regulations must also be promulgated through notice and comment, with a publication period of fifteen to sixty days. <u>Id.</u> § 1854(b). The Secretary has delegated administrative authority of the MSA to the National Marine Fisheries Service ("NMFS"). <u>Loper Bright Enters. v. Raimondo</u>, 603 U.S. 369, 380 (2024).

**B. Industry-Funded Monitoring**

In 2000, the New England Fishery Management Council (the "Council") implemented the current Atlantic herring fishery management plan (the "Plan"). AR17104.[3] Among other provisions, the Plan has an annual catch limit and restrictions on when and where Atlantic herring may be caught. <u>See</u> 50 C.F.R. § 648.200. Since 2007, the Plan has also included an at-sea monitoring program using the Standardized Bycatch Reporting Methodology ("SBRM"), by which bycatch is monitored by on-board, government-funded observers. <u>See</u> AR17293. The frequency of SBRM coverage varies based on available funding. <u>See</u> MSA Provisions; Fisheries of the

---

[3] The Court cites the Administrative Record, Dkt. Nos. 21-30, 34, using the Bates numbering system utilized by the parties.

Northeastern U.S.; Industry-Funded Monitoring ("Final Rule"), 85 Fed. Reg. 7414 (Feb. 7, 2020) (codified at 50 C.F.R. pt. 648) (AR17731).

In 2017, the Council adopted the Industry-Funded Monitoring Omnibus Amendment ("IFM Amendment"). See Final Rule, 85 Fed. Reg. at 7414-19 (AR17731-36). With the IFM Amendment, the Council sought to expand the Plan monitoring program and thus increase the accuracy of catch estimates for Atlantic herring and incidental catch species. Id. at 7417-18 (AR17734-35). Under the IFM Amendment, NMFS pays for some costs - such as training and certifying monitors, processing data, and coordinating with various partners - and industry participants pay for the monitors' travel expenses and daily salaries. Id. at 7415-16 (AR17732-33).

The Plan's overall monitoring program – both SBRM and industry-funded monitoring – aims to cover fifty percent of licensed Atlantic herring fishing vessels on a declared herring fishing trip. Id. at 7417 (AR17734). The two types of monitoring do not co-occur on any one trip. Id. Therefore, industry-funded monitoring only applies to the delta between the percentage of trips with SBRM monitoring (which varies based on available funding) and the fifty-percent target.

For each trip that a vessel declares that it will catch Atlantic herring, NMFS informs the vessel operator whether an at-sea monitor is required. However, the monitoring requirement will

be waived if (1) an at-sea monitor is not available, (2) the vessel has midwater trawl gear and intends to operate as a wing vessel (meaning that it will not carry any fish), or (3) the vessel intends to land less than fifty metric tons of herring during the trip.  Id. at 7418 (AR17735).  Midwater trawl vessels - as opposed to bottom trawlers like Plaintiffs', see Lapp Decl. ¶ 4, Dkt. No. 37-4 – can avoid the at-sea monitoring requirement by using electronic monitoring devices in combination with portside sampling protocols.  Id. at 7419-20 (AR17736-37).  NMFS estimates that the cost of an at-sea monitor is $710 per day.  Id. at 7420 (AR17735).

NMFS approved the IFM Amendment in 2018 and promulgated the implementing rule (the "Final Rule") in 2020.  Id. at 7414, 7422, 7424 (AR17731, 17739, 17741).

C. **Procedural History**

Plaintiffs filed this four-count lawsuit in 2020, challenging the Final Rule under various legal theories.  See Compl. ¶¶ 86-107, Dkt. No. 1.  But because challenges to fishery management plans are only reviewable under the Administrative Procedure Act ("APA"), see 16 U.S.C. § 1855(f)(1)(B), the Court re-characterizes Plaintiffs' claims solely in APA terms.  Under that framework, Plaintiffs claim that the Final Rule is unlawful and should be set aside because it: (1) is not authorized by the MSA; (2) violates other provisions of the MSA; (3) runs afoul of the Constitution's

Commerce Clause; and (4) was adopted without following the procedural requirements of the Regulatory Flexibility Act ("RFA"). See Compl. ¶¶ 86-107; see also 5 U.S.C. § 706(2)(A)-(D).

In late 2020 and early 2021, the parties filed cross-motions for summary judgment.  See Pls.' Mot. Summ. J. ("Pls.' Mot."), Dkt. No. 37; Defs.' Cross Mot. Summ. J. ("Defs.' Cross Mot."), Dkt. No. 38.  To analyze the cross-motions, the Court relied on so-called Chevron deference to find that the Final Rule was lawful under the MSA.  Op. & Order (Sep. 20, 2021) 8-18, Dkt. No. 47 (citing Chevron, U.S.A., Inc. v. Nat. Res. Def. Council, Inc., 467 U.S. 837 (1984).  After concluding that Plaintiffs' other challenges also failed, id. at 18-32, the Court denied Plaintiffs' Motion and granted judgment in favor of Defendants.  Id. at 32; Judgment (Sep. 20, 2021), Dkt. No. 48.

Plaintiffs appealed.  Notice Appeal, Dkt. No. 49.  They contested all the Court's rulings, but the First Circuit affirmed across the board.  Relentless, Inc. v. U.S. Dep't of Com. ("Relentless I"), 62 F.4th 621, 625 (1st Cir. 2023), vacated, Loper Bright, 603 U.S. 369 (2024).

The Supreme Court then granted review, "limited to the question of whether Chevron should be overruled or clarified." Loper Bright, 603 U.S. at 384.  After review, the Court officially overruled Chevron, holding that "[c]ourts must exercise their independent judgment in deciding whether an agency has acted within

7

its statutory authority, as the APA requires." Id. at 412. It therefore vacated the First Circuit's judgment and remanded the case "for proceedings consistent with [its] opinion." Id. at 413.

On remand, the First Circuit vacated its entire earlier opinion and judgment; vacated this Court's earlier judgment; and "remanded to the district court for consideration." Relentless, Inc. v. U.S. Dep't of Com. ("Relentless II"), 2024 WL 3647769 (1st Cir. 2024).

## II. LEGAL STANDARDS

### A. Scope of Remand

"As a general rule, 'when the Supreme Court remands in a civil case, the [lower court] should confine its ensuing inquiry to matters coming within the specified scope of the remand.'" Gonzalez v. Justs. of the Mun. Ct. of Bos., 420 F.3d 5, 8 (1st Cir. 2005) (quoting Kotler v. Am. Tobacco Co., 981 F.2d 7, 13 (1st Cir. 1992)). "To determine the scope of a remand, a district court must 'consider carefully both the letter and the spirit of the mandate, taking into account the appellate court's opinion and the circumstances it embraces.'" United States v. Cheveres-Morales, 83 F.4th 34, 41 (1st Cir. 2023) (quoting United States v. Dávila-Félix, 763 F.3d 105, 109 (1st Cir. 2014) (citation modified)).

### B. Summary Judgment

"[A] motion for summary judgment is simply a vehicle to tee up a case for judicial review . . . ." Bos. Redev. Auth. v. Nat'l

Park Serv., 838 F.3d 42, 47 (1st Cir. 2016) (citing Mass. Dep't of Pub. Welfare v. Sec'y of Agric., 984 F.2d 514, 526 (1st Cir. 1993)). "Because the APA standard affords great deference to agency decisionmaking and because the Secretary's action is presumed valid, judicial review, even at the summary judgment stage, is narrow." Associated Fisheries of Me., 127 F.3d at 109 (citing Citizens to Preserve Overton Park, Inc. v. Volpe, 401 U.S. 402, 415–16 (1971)). The Court will set aside the regulation only if it is "'arbitrary, capricious, an abuse of discretion,' or 'without observance of procedure required by law,' or otherwise contrary to law." Campanale & Sons, Inc. v. Evans, 311 F.3d 109, 116 (1st Cir. 2002) (quoting 5 U.S.C. § 706(2)(A)–(D)).

## III. DISCUSSION

On remand, Plaintiffs and Defendants agree that the only issue before the Court is whether the MSA authorizes the Final Rule. Pls.' Suppl. Br. Supp. Mot. Summ. J. ("Pls.' Suppl. Br.") 1, Dkt. No. 59; Defs.' Suppl. Br. 3, Dkt. No. 60. The Court concurs and thus does not revisit its earlier rulings on Plaintiffs' other claims.

In interpreting the MSA, the Court "must exercise [its] independent judgment[.]" Loper Bright, 603 U.S. at 412. To the extent that the Act is ambiguous, the Court must "use every tool at [its] disposal to determine the best reading of the statute and resolve the ambiguity." Id. at 400. In doing so, the Court

concludes that the Final Rule is consistent with the MSA, specifically Section 1853(b).

The Court starts with Subsection (b)(8), which permits plans to "require that one or more observers be carried on board a vessel of the United States engaged in fishing for species that are subject to the plan, for the purpose of collecting data necessary for the conservation and management of the fishery[.]"  To the extent that the Final Rule does this, Plaintiffs do not contest its legality; they oppose the Final Rule only insofar as it sometimes places the associated costs on them.  See Pls.' Suppl. Br. 2.  But as the First Circuit noted, "[t]his argument faces an uphill textual climb."  Relentless I, 62 F.4th at 629.  That is so because "the 'default norm' as 'manifest without express statement in literally hundreds of regulations, is that the government does not reimburse regulated entities for the cost of complying with properly enacted regulations, at least short of a taking.'"  Id. (quoting Goethel, 854 F.3d at 117-18 (1st Cir. 2017) (Kayatta, J., concurring)).

Next, the Court considers Subsection (b)(14), which allows fishery management plans to "prescribe such other measures, requirements, or conditions and restrictions as are determined to be necessary and appropriate for the conservation and management of the fishery."  This provision, in no uncertain terms, delegates to NMFS a large degree of discretionary authority.  Such a

10

delegation is not uncommon.  See Loper Bright, 603 U.S. at 394,
404 (noting that Congress has "often" done so).  In reviewing
NMFS's decisions under this delegated authority, the Court's job
is to "effectuate the will of Congress" by "recognizing
constitutional delegations, fixing the boundaries of the delegated
authority, and ensuring the agency has engaged in reasoned
decisionmaking within those boundaries."  Id. at 395 (citation
modified) (first quoting H. Monaghan, Marbury and the
Administrative State, 83 Colum. L. Rev. 1, 27 (1983); then quoting
Michigan v. EPA, 576 U.S. 743, 750 (2015); and then citing Motor
Vehicle Mfrs. Assn. of United States, Inc. v. State Farm Mut.
Automobile Ins., 463 U.S. 29 (1983)).  This Court and the
Relentless I court have already reviewed the Final Rule and found
it reflects reasoned decisionmaking and does not cross the
boundaries specified by the MSA (namely, the National Standards),
the RFA, or the Constitution.  See Op. & Order 18-32; Relentless
I, 62 F.4th at 634-39.  This Court now reaffirms that conclusion.

A broader view of the surrounding statutory context
strengthens the Court's conclusion that Section 1853(b) authorizes
the Final Rule.  Of note, Section 1858(g)(1)(D) allows NMFS to
sanction any vessel owner who has not made "any payment required
for observer services provided to or contracted by an owner or
operator."  The Court agrees with the Relentless I court's
assessment that "[t]his penalty would make no sense if Congress

did not anticipate that owners and/or operators of the vessels would be paying the observers." 62 F.4th at 630-31.

Section 1801 lends further contextual support. There, Congress spelled out the legislative factfinding, purpose, and policy undergirding the MSA. Congress specifically documented the irreversible effects of overfishing and the "essential" nature of reliable data collection. See 16 U.S.C. § 1801(a)(2)-(6), (8). And Congress translated those findings into a clear directive that "the national fishery conservation and management program utilize[], and [be] based upon, the best scientific information available." Id. § 1801(c)(3). To the extent that associated costs or financial burdens on commercial fishing industry participants were addressed, Section 1801(b)(5) expressly observes that industry participants – along with other relevant actors - would be able to "participate in, and advise on," fishery management plans affecting them.

In their effort to persuade the Court to reach a different result, Plaintiffs advance three principal counterarguments. None is persuasive.

First, Plaintiffs renew their earlier argument that the language of Section 1853(b)(8) does not authorize the Final Rule because it does not directly address industry-funded monitoring. Pls.' Suppl. Br. 9-14; see Op. & Order 11-13. This time, they point to Section 1821(h)(6) to argue that because Congress knew

12

how to provide for Industry-Funded Monitoring in the context of foreign vessels, its decision not to do so in Section 1853(b)(8) constitutes a withholding of authority.  Pls.' Suppl. Br. 9-14.  They argue that Section 1858(g)(1)(D), which authorizes sanctions for nonpayment, refers only to the observers referenced in Section 1821(h)(6).  But Section 1858(g)(1)(D), by its very terms, does not so limit its application.  And in any event, Plaintiffs' argument does not account for Section 1853(b)(14), which provides NMFS a residual and broad delegation to "prescribe such other measures, requirements, or conditions and restrictions" that it deems "necessary and appropriate for the conservation and management of the fishery."

This leads to Plaintiffs' second argument: that the Final Rule cannot be deemed "necessary and appropriate."  Pls.' Suppl. Br. 15-16.  In making this claim, they canvass case law to urge that the broad "language does not allow the Government to do whatever it wants at sea."  Id. at 15 (collecting cases).  True enough.  But Plaintiffs' interpretation, in effect, asks the Court to read Subsection (b)(14) out of the statute.  That directly conflicts with the Court's job, which is to "effectuate the will of Congress."  Loper Bright, 603 U.S. at 395.  Here, Congress explicitly delegated discretionary authority to NMFS, cabined by the National Standards (and, as Plaintiff previously argued, the RFA and the Constitution).  As noted above, this Court and the

13

<u>Relentless I</u> court have already explained that the Final Rule sits within those boundaries.

Finally, Plaintiffs cite to legislative history. Pls.' Suppl. Br. 17-19. "But that does not move the needle. When it comes to interpreting the law, speculation about what Congress may have intended matters far less than what Congress actually enacted." <u>Medina v. Planned Parenthood S. Atl.</u>, No. 23-1275, 2025 WL 1758505, at *12 (U.S. June 26, 2025) (citing <u>Epic Sys. Corp. v.</u> <u>Lewis</u>, 584 U.S. 497, 523 (2018) ("[L]egislative history is not the law.")).

## IV. CONCLUSION

To interpret the MSA, the Court "must exercise [its] independent judgment in deciding whether an agency has acted within its statutory authority, as the APA requires." <u>Loper Bright</u>, 603 U.S. at 412. In doing so, the Court concludes that the MSA authorizes the Final Rule. For this reason, the Court DENIES Plaintiffs' Motion for Summary Judgment, Dkt. No. 37, and GRANTS Defendants' Cross Motion for Summary Judgment, Dkt. No. 38.

IT IS SO ORDERED.

_William E. Smith_
William E. Smith
Senior District Judge
Date: July 15, 2025

14

**UNITED STATES DISTRICT COURT FOR THE**

**DISTRICT OF RHODE ISLAND**


RELENTLESS, INC.,

      Plaintiffs,

      v.                          1:20-cv-00108-WES

U.S. DEPARTMENT OF COMMERCE, ET AL.

      Defendants.

## JUDGMENT

    This action came to be heard before the Court and a decision has been rendered. Upon consideration whereof, it is now hereby ordered, adjudged, and decreed as follows:

    Pursuant to this Court's Opinion and Order entered on July 15, 2025, and in accordance with Fed. R. Civ. P. 58, judgment is entered in favor of the Defendants U.S. Department of Commerce, et al. and against Plaintiffs Relentless, Inc., et al.

    <u>It is so ordered</u>.


July 15, 2025             By the Court:

                                 <u>/s/ Hanorah Tyer-Witek</u>
                                 Clerk of Court