No. 25-1845

UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

RELENTLESS INC., et al.,

*Plaintiffs-Appellants*,

v.

U.S. DEPARTMENT OF COMMERCE, et al.,

*Defendants-Appellees*.

On Appeal from the United States District Court
for the District of Rhode Island
Case No. 1:20-cv-00108-WES (Hon. William E. Smith)

**ASSENTED TO MOTION FOR EXTENSION OF TIME
TO FILE ANSWERING BRIEF**

The federal appellees respectfully move under Federal Rule of Appellate

Procedure 26(b) for a 30-day extension of time in which to file their answering brief.

The answering brief is currently due March 26, 2026, and a 30-day enlargement

would extend the deadline to April 25, 2026. Because April 25 is a Saturday, the

federal appellees respectfully request that the Court set a new deadline of April 27,

2026. The appellants do not oppose the requested extension.

1

For the following reasons, there is good cause to grant the requested extension.

1.      This motion is the federal appellees' first request for an extension of time. The Court previously granted appellants' assented to motion for an initial 60-day extension of time to file the answering brief.

2.      Undersigned counsel, who is principally responsible for preparing and filing the answering brief, has been required to devote substantial time to other matters since the filing of the appellants' opening brief. Those matters include argument before this Court on March 2, 2026, in *New England Fishermen's Stewardship Association v. Lutnick*, No. 25-1212, and the preparation of an answering brief in *Russo v. U.S. Department of Commerce*, No. 26-10171 (11th Cir.), due March 24, 2026. In *Russo*, the Eleventh Circuit ordered briefing on an expedited schedule and directed the federal government to file its answering brief 14 days after the filing of the opening brief. Both these matters involve constitutional challenges to a federal statute and raise complicated issues of first impression. Undersigned counsel is also responsible for other ongoing appeals that require the preparation of internal memoranda, extensive client counseling, and work on upcoming briefing deadlines, and for reviewing other attorneys' briefs and memoranda in various cases.

3.      This case is before the Court on remand from the Supreme Court following its decision in *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369

2

(2024), and raises important questions that require careful consideration. In addition to the appellants' opening brief, the federal government must also consider seven amicus briefs submitted by interested parties in support of the appellants' position.

4.    Counsel for the federal appellees also must coordinate the federal government's response to the opening brief with the responsible officials at the U.S. Department of Commerce and the U.S. Department of Justice. Because of the extensive process of review and approval within the federal government, principal drafting of the brief must be complete well in advance of a brief's due date. An extension of time is necessary to accommodate this process.

5.    Counsel for the federal appellees conferred with counsel for the appellants, who indicated that they do not oppose this extension request.

For all these reasons, the federal appellees respectfully request that the Court grant this assented to motion to extend the deadline for the answering brief.

Respectfully submitted,

/s/ *Daniel Halainen*
DANIEL HALAINEN
*Attorney*
Environment and Natural Resources Division
U.S. Department of Justice
Post Office Box 7415
Washington, D.C. 20044
(202) 598-3329
daniel.j.halainen@usdoj.gov

March 19, 2026
DJ 90-8-8-08356

3

## CERTIFICATE OF COMPLIANCE

The foregoing Motion complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2) because it contains 460 words, excluding the parts exempted under Federal Rule of Appellate Procedure 32(f).

The foregoing Motion complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6), as required by Federal Rule of Appellate Procedure 27(d)(1)(E), because it has been prepared in a proportionally spaced typeface (14-point Times New Roman font) using Microsoft Word 2016.

*/s/ Daniel Halainen*
DANIEL HALAINEN
*Counsel for Appellees*