

# UNITED STATES COURT OF APPEALS
# FOR THE FIRST CIRCUIT

RELENTLESS INC., et al.,

*Plaintiffs-Appellants*,

v.

U.S. DEPARTMENT OF COMMERCE, et al.,

*Defendants-Appellees*.

On Appeal from the United States District Court
for the District of Rhode Island
Case No. 1:20-cv-00108-WES (Hon. William E. Smith)

**MOTION FOR SECOND EXTENSION OF TIME
TO FILE ANSWERING BRIEF**

The federal appellees respectfully move under Federal Rule of Appellate Procedure 26(b) for a 30-day extension of time in which to file their answering brief. The answering brief is currently due April 27, 2026, on one extension. A second 30-day enlargement would extend the deadline to May 27, 2026. The appellants oppose a 30-day extension but would not oppose a 14-day extension.

For the following reasons, there is good cause to grant the requested extension.

1.      This motion is the federal appellees' second request for an extension of time. On March 20, 2026, the Court granted the federal appellees' assented to motion for an initial 30-day extension of time. The Court previously granted appellants' assented to motion for an initial 60-day extension of time to file the opening brief. A second 30-day extension of time to file the answering brief would be commensurate with the 60-day extension of time to file the opening brief.

2.      Undersigned counsel, who is principally responsible for preparing and filing the answering brief, has been required to devote substantial time to other matters since the Court granted a 30-day extension of time. Those matters include the preparation and filing of two cross-appeal briefs in *Russo v. U.S. Department of Commerce*, No. 26-10171 (11th Cir.), where the Eleventh Circuit ordered expedited briefing on a constitutional challenge to the Magnuson-Stevens Act raising issues of first impression, and developments related to the vacatur of several Endangered Species Act regulations in *Center for Biological Diversity v. Department of the Interior*, No. 24-cv-4651 (N.D. Cal.), which required immediate attention. Undersigned counsel is also responsible for other ongoing appeals that require the preparation of internal memoranda, extensive client counseling, and work on upcoming briefing deadlines, and for reviewing other attorneys' briefs and memoranda in various cases.

**3.** This case is before the Court on remand from the Supreme Court following its decision in *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369 (2024), and raises important questions that require careful consideration. In addition to the appellants' opening brief, the federal government must also consider seven amicus briefs submitted by interested parties in support of the appellants' position.

**4.** Counsel for the federal appellees also must coordinate the federal government's response to the opening brief with the responsible officials at the U.S. Department of Commerce and the U.S. Department of Justice. Because of the extensive process of review and approval within the federal government, principal drafting of the brief must be complete well in advance of a brief's due date. An extension of time is necessary to accommodate this process.

**5.** The federal government is currently exploring options for resolving this case without further litigation. An extension of time would permit the government to consider these options, which could yield a resolution that would avoid further expenditure of judicial resources on this matter.

**6.** Counsel for the federal appellees conferred with counsel for the appellants. The appellants oppose a 30-day extension but would not oppose a 14-day extension.

For these reasons, the federal appellees respectfully request that the Court grant this motion to extend the deadline for the answering brief to May 27, 2026.

Respectfully submitted,

/s/ *Daniel Halainen*
DANIEL HALAINEN
*Attorney*
Environment and Natural Resources Division
U.S. Department of Justice
Post Office Box 7415
Washington, D.C. 20044
(202) 598-3329
daniel.j.halainen@usdoj.gov

April 22, 2026
DJ 90-8-8-08356

# CERTIFICATE OF COMPLIANCE

The foregoing motion complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2) because it contains 521 words, excluding the parts exempted under Federal Rule of Appellate Procedure 32(f).

The foregoing motion complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6), as required by Federal Rule of Appellate Procedure 27(d)(1)(E), because it has been prepared in a proportionally spaced typeface (14-point Times New Roman font) using Microsoft Word 2016.

*/s/ Daniel Halainen*
DANIEL HALAINEN
*Counsel for Appellees*