No. 25-1845

---

UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

---

RELENTLESS INC., et al.,

*Plaintiffs-Appellants*,

v.

U.S. DEPARTMENT OF COMMERCE, et al.,

*Defendants-Appellees*.

---

On Appeal from the United States District Court
for the District of Rhode Island
Case No. 1:20-cv-00108-WES (Hon. William E. Smith)

---

**JOINT MOTION FOR ABEYANCE**

---

The parties respectfully move the Court to hold this case in abeyance. The Secretary of Commerce has initiated a process to rescind the regulations challenged in this case, which could resolve this matter without the need for the Court to decide the appeal. The parties propose to submit a status report 90 days after the entry of an abeyance to apprise the Court of the status of the parties' discussions. For the following reasons, the motion should be granted.

1

1.    Plaintiffs challenge a National Oceanic and Atmospheric Administration rule implementing industry-funded monitoring in the Atlantic herring fishery. *See* 50 C.F.R. § 648.11(m). This Court upheld the rule in 2023. *Relentless, Inc. v. U.S. Dep't of Comm.*, 62 F.4th 621 (1st Cir. 2023). The Supreme Court vacated and remanded in 2024. *Loper Bright Enters. v. Raimondo*, 603 U.S. 369 (2024). This Court then remanded to the district court for consideration. *Relentless, Inc. v. U.S. Dep't of Comm.*, No. 21-1886, 2025 WL 3647769 (1st Cir. July 31, 2024). On remand, the district court upheld the rule. *Relentless Inc. v. U.S. Dep't of Comm.*, No. 20-cv-108, 2025 WL 1939025 (D.R.I. July 16, 2026). Plaintiffs appealed. Plaintiffs have filed their opening brief, and the government's response brief is currently due May 27, 2026, on two extensions.

2.    On May 1, 2026, the National Oceanic and Atmospheric Administration's Assistant Administrator for Fisheries wrote to the New England Fishery Management Council to convey the Secretary of Commerce's request that the council initiate a process "to revise and potentially withdraw the [industry-funded monitoring] provisions for the herring fishery." Exhibit A at 1. The Assistant Administrator requested that the council "consider and act on this request as soon as possible to initiate and develop an action for Secretarial review." *Id.* at 2. The Assistant Administrator further explained that if the council "is unable to initiate an

action within a reasonable time, the Secretary is authorized to prepare an amendment to rescind these measures." *Id.*

3.  The Secretary's initiation of this process to consider the rescission of the challenged Atlantic herring industry-funded monitoring regulations codified at 50 C.F.R. § 648.11(m) could yield a resolution of this case without further litigation, and the Court should grant an abeyance to enable the Secretary to proceed with this rescission process. The "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see also Microfinancial, Inc. v. Premier Holidays Int'l, Inc.*, 385 F.3d 72, 77 (1st Cir. 2004) ("[F]ederal courts possess the inherent power to stay proceedings for prudential reasons.").

There is "good cause" for an abeyance. *Marquis v. FDIC*, 965 F.2d 1148, 1154 (1st Cir. 1992). An abeyance will aid judicial economy by conserving judicial resources that might otherwise be spent on further work resolving this dispute. Rescission of the Atlantic herring industry-funded monitoring regulations has the potential to moot this challenge to those same regulations. *See generally Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013); *Calvary Chapel of Bangor v. Mills*, 52 F.4th 40, 46 (1st Cir. 2022).

Further, an abeyance would aid the orderly disposition of litigation over the rule, which is also subject to challenge in *Loper Bright Enterprises v. Lutnick*, No. 21-5166 (D.C. Cir.). These cases were heard together in the Supreme Court, and both cases were remanded to the courts of appeals. The D.C. Circuit is currently holding *Loper Bright* in abeyance, *see* Order, *Loper Bright Enters. v. Lutnick*, No. 21-5166 (D.C. Cir. Aug. 13, 2025), and the parties have asked the D.C. Circuit to continue that abeyance for the same reasons the parties seek an abeyance in this case. *See* Exhibit B. An abeyance here would put the cases in the same posture.

4.      The parties propose that the Court direct the submission of a status report 90 days after the entry of an abeyance to apprise the Court of any relevant developments and whether an abeyance remains appropriate.

For these reasons, an abeyance should be granted.

Respectfully submitted,

/s/ *John J. Vecchione*

JOHN J. VECCHIONE

NEW CIVIL LIBERTIES ALLIANCE

4250 N. Fairfax Drive, Suite 300

Arlington, VA 22203

(202) 869-5210

John.Vecchione@ncla.legal

*Counsel for Appellants*

/s/ *Daniel Halainen*

ROBERT N. STANDER

*Deputy Assistant Attorney General*

DANIEL HALAINEN

*Attorney*

Environment and Natural Resources

Division

U.S. Department of Justice

Post Office Box 7415

Washington, D.C. 20044

(202) 598-3329

daniel.j.halainen@usdoj.gov

*Counsel for Appellees*

May 13, 2026

DJ 90-8-8-08356

## CERTIFICATE OF COMPLIANCE

The foregoing motion complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2) because it contains 689 words, excluding the parts exempted under Federal Rule of Appellate Procedure 32(f).

The foregoing motion complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6), as required by Federal Rule of Appellate Procedure 27(d)(1)(E), because it has been prepared in a proportionally spaced typeface (14-point Times New Roman font) using Microsoft Word 2016.

/s/ Daniel Halainen
DANIEL HALAINEN
*Counsel for Appellees*

# Exhibit A



**UNITED STATES DEPARTMENT OF COMMERCE**
**National Oceanic and Atmospheric Administration**
NATIONAL MARINE FISHERIES SERVICE
1315 East-West Highway
Silver Spring, Maryland 20910

May 1, 2026

Cate O'Keefe
Executive Director
New England Fishery Management Council
50 Water Street, Mill 2
Newburyport, MA 01950

Dear Cate,

Thank you for your letter documenting the decisions of the New England Fishery Management Council in response to our request to the Council related to Executive Order 14276, *Restoring American Seafood Competitiveness,* signed by the President on April 17, 2025. We appreciate that the Council considered public comments submitted during the December 2025 open comment period and understand that the Council is not recommending changes to its original September 30, 2025, list of activities and workplan for Executive Order 14276. In particular, we note that the Council considered, but did not recommend, revisiting the industry-funded monitoring (IFM) program developed for the Atlantic herring fishery. For the reasons provided below, we respectfully request that the Council reconsider this decision and agree to proceed with a Council action to revise and potentially withdraw the IFM provisions for the herring fishery.

After careful consideration, we have determined that an action removing Atlantic herring monitoring requirements at 50 CFR part 648.11(m) may be warranted to remove unused provisions that are not achieving their intended goals and thereby reduce regulatory burdens on Atlantic herring fishery participants. The herring IFM program was developed to provide: (1) accurate estimates of catch (retained and discarded); (2) accurate catch estimates for incidental species with catch caps (haddock and river herring/shad); and (3) affordable monitoring for the herring fishery. The Council intended that the program be evaluated within two years of its implementation to determine what level of coverage may best achieve its stated goals. However, to date, due to a number of unexpected complications, there has been insufficient IFM coverage to support a meaningful evaluation or to show that the program is achieving its stated goals. In particular, we announced in November 2022 that we were suspending the herring IFM program for the foreseeable future due to a lack of resources to effectively implement the program.

Because the herring IFM program imposes costs on NOAA's National Marine Fisheries Service (NMFS) as well as the herring industry itself in order to be effectively implemented, in the face of declining resources and the need to prioritize our activities to support the Administration's goals and objectives of Executive Order 14276, it is unlikely that NMFS will have the resources necessary to support this program. In total, since this program was initially approved in January 2020, it has never been fully implemented at the levels intended (50 percent of trips), and during the two years that the program was partially effective, NMFS fully reimbursed all participating vessels for their costs.

Since this time, the President issued Executive Order 14276, requiring the Secretary of Commerce to consider rescinding regulations that overly burden America's fishing industry, in



cooperation with regional fishery management councils.  Likewise, the Executive Office of the President, Office of Management and Budget (OMB), published a *Notice of Request for Information* seeking proposals for rescinding unnecessary regulations.  Among the many suggestions received in response, the Secretary received requests to rescind the herring IFM requirement from herring fishery participants due to its potential costs.

Therefore, for these reasons, the Secretary requests that the New England Fishery Management Council reconsider its decision to not initiate an action to consider rescinding the Atlantic herring IFM regulations at § 648.11(m).  Rescinding these regulations is consistent with the objectives of Executive Order 14276 due to their disuse and inability to demonstrate they are achieving their stated goals.  We are also aware that herring fishery participants have expressed concerns about the potentially high level of costs of IFM in relation to the recent low level of biomass and low productivity rate of Atlantic herring.  The Council should consider and act on this request as soon as possible to initiate and develop an action for Secretarial review.

If the Council is unable to initiate an action within a reasonable time, the Secretary is authorized to prepare an amendment to rescind these measures.  The Secretarial amendment process requires public hearing at appropriate times in the geographical areas concerned and to provide the Council with an opportunity to consider and comment on the proposed amendment.
As you are aware, the Atlantic herring IFM regulations are the subject of litigation in *Loper Bright Enterprises*, pending in the D.C. Circuit Court of Appeals, and *Relentless*, pending in the 1st Circuit Court of Appeals.  An action removing the Atlantic herring IFM requirements at § 648.11(m) is an important step toward resolving both of these cases and bringing an end to the litigation over the herring IFM program.

Sincerely,

Eugenio Piñeiro Soler
Assistant Administrator
 for Fisheries

# Exhibit B

ORAL ARGUMENT HELD ON NOVEMBER 4, 2024

No. 21-5166

---

UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

LOPER BRIGHT ENTERPRISES, INC., et al.,
*Plaintiffs/Appellants*,

v.

HOWARD LUTNICK, et al.,
*Defendants/Appellees*.

---

Appeal from the United States District Court for the District of Columbia
No. 1:20-cv-466 (Hon. Emmet G. Sullivan)

---

**JOINT STATUS REPORT**

---

RYAN P. MULVEY
Cause of Action Institute
4201 Wilson Blvd., Ste. 1000
Arlington, VA 22203
(571) 444-2841
ryan.mulvey@causeofaction.org

DANIEL HALAINEN
*Attorney*
Environment and Natural Resources Division
U.S. Department of Justice
Post Office Box 7415
Washington, D.C. 20044
(202) 598-3329
daniel.j.halainen@usdoj.gov

The parties jointly submit this status report in response to the Court's August 13, 2025, order holding this case in abeyance.

1.      Plaintiffs challenge a rule adopted by the National Marine Fisheries Service implementing industry-funded monitoring in the Atlantic herring fishery. *See* 85 Fed. Reg. 7414 (Feb. 7, 2020). This Court upheld the rule in August 2022. *Loper Bright Enters. v. Raimondo*, 45 F.4th 359 (D.C. Cir. 2022). The Supreme Court vacated and remanded in June 2024. *Loper Bright Enters. v. Raimondo*, 603 U.S. 369 (2024). On remand, this Court ordered supplemental briefing and reargument. The parties submitted supplemental briefs, and the Court heard argument on November 4, 2024. On July 15, 2025, the parties jointly moved for an abeyance to enable the parties to discuss settlement. The Court granted the motion on August 13, 2025, and directed the parties to file a status report by November 12, 2025, and at 90-day intervals thereafter. The Court further directed the parties to file motions to govern further proceedings within 30 days of the conclusion of settlement proceedings.

2.      On May 1, 2026, the Assistant Administrator for Fisheries wrote to the New England Fishery Management Council to convey the Secretary of Commerce's request that the council initiate a process "to revise and potentially withdraw the [industry-funded monitoring] provisions for the herring fishery." Exhibit A at 1. The Assistant Administrator requested that the council "consider and act on this request

1

as soon as possible to initiate and develop an action for Secretarial review." *Id.* at 2. The Assistant Administrator further explained that if the council "is unable to initiate an action within a reasonable time, the Secretary is authorized to prepare an amendment to rescind these measures." *Id.*

3.    The Secretary's initiation of this process to rescind the Atlantic herring industry-funded monitoring regulations codified at 50 C.F.R. § 648.11(m) could yield a resolution of this case without further litigation. Accordingly, an abeyance of proceedings in this matter remains appropriate. The parties will file another status report within 90 days or file motions to govern further proceedings within 30 days of the conclusion of any settlement proceedings.

<div style="float:right">Respectfully submitted,</div>

/s/ *Ryan Mulvey*
RYAN P. MULVEY
Cause of Action Institute
4201 Wilson Blvd., Ste. 1000
Arlington, VA 22203
(571) 444-2841
ryan.mulvey@causeofaction.org

*Counsel for Appellants*

/s/ *Daniel Halainen*
DANIEL HALAINEN
*Attorney*
Environment and Natural Resources
Division
U.S. Department of Justice
Post Office Box 7415
Washington, D.C. 20044
(202) 514-4081
daniel.j.halainen@usdoj.gov

*Counsel for Appellees*

May 11, 2026

<div style="text-align:center">2</div>