No. 25-1845

UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

RELENTLESS INC., et al.,

*Plaintiffs-Appellants*,

v.

U.S. DEPARTMENT OF COMMERCE, et al.,

*Defendants-Appellees*.

On Appeal from the United States District Court
for the District of Rhode Island
Case No. 1:20-cv-00108-WES (Hon. William E. Smith)

**JOINT STATUS REPORT**

The parties jointly submit this status report in response to the Court's May 22, 2026, order holding this case in abeyance.

1. Plaintiffs challenge a National Oceanic and Atmospheric Administration rule implementing industry-funded monitoring in the Atlantic herring fishery. *See* 50 C.F.R. § 648.11(m). This Court upheld the rule in 2023. *Relentless, Inc. v. U.S. Dep't of Comm.*, 62 F.4th 621 (1st Cir. 2023). The Supreme Court vacated this Court's decision and remanded the matter in 2024. *Loper Bright*

*Enters. v. Raimondo*, 603 U.S. 369 (2024). This Court then remanded to the district court for consideration. *Relentless, Inc. v. U.S. Dep't of Comm.*, No. 21-1886, 2025 WL 3647769 (1st Cir. July 31, 2024). On remand, the district court upheld the rule. *Relentless Inc. v. U.S. Dep't of Comm.*, No. 20-cv-108, 2025 WL 1939025 (D.R.I. July 16, 2026). Plaintiffs appealed. Plaintiffs have filed their opening brief. The parties then jointly moved for an abeyance on May 13, 2026. The Court granted the motion on May 22, 2026, and directed the parties to file a status report within 90 days.

2. On May 1, 2026, the National Oceanic and Atmospheric Administration's Assistant Administrator for Fisheries wrote to the New England Fishery Management Council to convey the Secretary of Commerce's request that the council initiate a process "to revise and potentially withdraw the [industry-funded monitoring] provisions for the herring fishery." Exhibit A at 1. The Assistant Administrator requested that the council "consider and act on this request as soon as possible to initiate and develop an action for Secretarial review." *Id.* at 2. The Assistant Administrator further explained that if the council "is unable to initiate an action within a reasonable time, the Secretary is authorized to prepare an amendment to rescind these measures." *Id.*

3. The Council discussed this issue at its June 2026 meeting. *See* New England Fishery Management Council, June 2026 Council Audio (June 23, 2026)

(beginning approximately 32:30), https://d23h0vhsm26o6d.cloudfront.net/2.-EO-14276.mp3. The Assistant Administrator for Fisheries then sent further correspondence to the Council on July 2, 2026, that reiterated his request for the Council to "initiate an action to consider rescinding [industry-funded monitoring] requirements" in the herring fishery. Exhibit B at 1.

4. This ongoing process could yield a resolution of this case without further litigation. Accordingly, an abeyance of proceedings in this matter remains appropriate. The parties propose to file another status report within 90 days.

Respectfully submitted,

/s/ *John J. Vecchione*
JOHN J. VECCHIONE
NEW CIVIL LIBERTIES ALLIANCE
4250 N. Fairfax Drive, Suite 300
Arlington, VA 22203
(202) 869-5210
John.Vecchione@ncla.legal

*Counsel for Appellants*

/s/ *Daniel Halainen*
DANIEL HALAINEN
*Attorney*
Environment and Natural Resources Division
U.S. Department of Justice
Post Office Box 7415
Washington, D.C. 20044
(202) 598-3329
daniel.j.halainen@usdoj.gov

*Counsel for Appellees*

August 20, 2026
DJ 90-8-8-08356

## CERTIFICATE OF COMPLIANCE

The foregoing status report complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2) because it contains 396 words, excluding the parts exempted under Federal Rule of Appellate Procedure 32(f).

The foregoing status report complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6), as required by Federal Rule of Appellate Procedure 27(d)(1)(E), because it has been prepared in a proportionally spaced typeface (14-point Times New Roman font) using Microsoft Word 2016.

*/s/ Daniel Halainen*
DANIEL HALAINEN
*Counsel for Appellees*

# Exhibit A

UNITED STATES DEPARTMENT OF COMMERCE
National Oceanic and Atmospheric Administration
NATIONAL MARINE FISHERIES SERVICE
1315 East-West Highway
Silver Spring, Maryland 20910

May 1, 2026

Cate O'Keefe
Executive Director
New England Fishery Management Council
50 Water Street, Mill 2
Newburyport, MA 01950

Dear Cate,

Thank you for your letter documenting the decisions of the New England Fishery Management Council in response to our request to the Council related to Executive Order 14276, *Restoring American Seafood Competitiveness,* signed by the President on April 17, 2025. We appreciate that the Council considered public comments submitted during the December 2025 open comment period and understand that the Council is not recommending changes to its original September 30, 2025, list of activities and workplan for Executive Order 14276. In particular, we note that the Council considered, but did not recommend, revisiting the industry-funded monitoring (IFM) program developed for the Atlantic herring fishery. For the reasons provided below, we respectfully request that the Council reconsider this decision and agree to proceed with a Council action to revise and potentially withdraw the IFM provisions for the herring fishery.

After careful consideration, we have determined that an action removing Atlantic herring monitoring requirements at 50 CFR part 648.11(m) may be warranted to remove unused provisions that are not achieving their intended goals and thereby reduce regulatory burdens on Atlantic herring fishery participants. The herring IFM program was developed to provide: (1) accurate estimates of catch (retained and discarded); (2) accurate catch estimates for incidental species with catch caps (haddock and river herring/shad); and (3) affordable monitoring for the herring fishery. The Council intended that the program be evaluated within two years of its implementation to determine what level of coverage may best achieve its stated goals. However, to date, due to a number of unexpected complications, there has been insufficient IFM coverage to support a meaningful evaluation or to show that the program is achieving its stated goals. In particular, we announced in November 2022 that we were suspending the herring IFM program for the foreseeable future due to a lack of resources to effectively implement the program.

Because the herring IFM program imposes costs on NOAA's National Marine Fisheries Service (NMFS) as well as the herring industry itself in order to be effectively implemented, in the face of declining resources and the need to prioritize our activities to support the Administration's goals and objectives of Executive Order 14276, it is unlikely that NMFS will have the resources necessary to support this program. In total, since this program was initially approved in January 2020, it has never been fully implemented at the levels intended (50 percent of trips), and during the two years that the program was partially effective, NMFS fully reimbursed all participating vessels for their costs.

Since this time, the President issued Executive Order 14276, requiring the Secretary of Commerce to consider rescinding regulations that overly burden America's fishing industry, in

cooperation with regional fishery management councils. Likewise, the Executive Office of the President, Office of Management and Budget (OMB), published a *Notice of Request for Information* seeking proposals for rescinding unnecessary regulations. Among the many suggestions received in response, the Secretary received requests to rescind the herring IFM requirement from herring fishery participants due to its potential costs.

Therefore, for these reasons, the Secretary requests that the New England Fishery Management Council reconsider its decision to not initiate an action to consider rescinding the Atlantic herring IFM regulations at § 648.11(m). Rescinding these regulations is consistent with the objectives of Executive Order 14276 due to their disuse and inability to demonstrate they are achieving their stated goals. We are also aware that herring fishery participants have expressed concerns about the potentially high level of costs of IFM in relation to the recent low level of biomass and low productivity rate of Atlantic herring. The Council should consider and act on this request as soon as possible to initiate and develop an action for Secretarial review.

If the Council is unable to initiate an action within a reasonable time, the Secretary is authorized to prepare an amendment to rescind these measures. The Secretarial amendment process requires public hearing at appropriate times in the geographical areas concerned and to provide the Council with an opportunity to consider and comment on the proposed amendment.
As you are aware, the Atlantic herring IFM regulations are the subject of litigation in *Loper Bright Enterprises*, pending in the D.C. Circuit Court of Appeals, and *Relentless*, pending in the 1st Circuit Court of Appeals. An action removing the Atlantic herring IFM requirements at § 648.11(m) is an important step toward resolving both of these cases and bringing an end to the litigation over the herring IFM program.

Sincerely,

Eugenio Piñeiro Soler
Assistant Administrator
for Fisheries

# Exhibit B

UNITED STATES DEPARTMENT OF COMMERCE
National Oceanic and Atmospheric Administration
NATIONAL MARINE FISHERIES SERVICE
1315 East-West Highway
Silver Spring, Maryland 20910

July 2, 2026

Cate O'Keefe, Ph.D.
Executive Director
New England Fishery Management Council
cokeefe@nefmc.org

Dear Dr. O'Keefe:

Thank you for the New England Fishery Management Council's (NEFMC) work regarding Executive Order 14276, Restoring American Seafood Competitiveness, including your detailed action plan outlining priorities, and your extensive stakeholder engagement. I deeply appreciate the Council's partnership and the thorough analysis provided by the Council members, your expert staff and industry advisors. The volume of input from fishery participants and coastal communities received in public comments highlights the urgency of our shared mission. In particular, I want to acknowledge and commend the Council for already integrating several of these priority actions directly into your current action plans. To fulfill the EO's mandate to reduce burdens on domestic fishing, increase production, stabilize markets, improve access, and enhance economic profitability, I request the Council maintain momentum on these key issues and focus on the following priorities during upcoming prioritization and action planning processes:

- **Implement Rotational Access for the Northern Edge Scallop Fishery:** High-yield scallop beds remain closed, limiting domestic production. Please advance a Fishery Management Plan (FMP) Amendment to consider establishing a controlled, rotational limited-access scallop fishery within the Northern Edge Habitat Area of Particular Concern (HAPC). This will drastically improve access to traditional fishing grounds, increase domestic production, and stabilize seafood markets while maintaining protective measures for vital nursery habitats. I also support your efforts to develop a strategic plan for the scallop fishery.

- **Implement Scallop Permit Stacking:** The Council has not expressed interest in taking any immediate action on scallop permit stacking, this has the potential for important benefits to the industry. However, I note there are risks also associated – foreign ownership, job reductions, and erosion of our critical working waterfronts – if the action is not carefully developed. Therefore, I ask the Council to reconsider taking on this action and working with stakeholders to ensure proper guardrails. If the Council is unable to take this up, I will consider developing a Secretarial amendment.

- **Rescind Industry Funded Monitoring (IFM) Requirements:** The current at-sea monitoring costs are actively eroding fleet profitability. As I recently requested in a letter dated May 1, 2026, pertaining to the Herring IFM, I request that the Council initiate an action to consider rescinding IFM requirements from the Herring FMP. In addition to herring, we want to work with you to minimize costs and look at alternatives that may relieve the industry of the burden of monitoring in the groundfish fishery. Relieving this financial burden is paramount to preserving the economic viability of the New England fleet.

- **Deprioritize Advancing Requirements for Ropeless Gear**: I request the Council consider deprioritizing the advancement of complex gear marking for ropeless gear. NMFS will continue to promote the innovation and adoption of gear technologies and will ensure to coordinate with the Council when ready for management consideration. Trap fishers face high operational costs from these technologies, and halting or making their implementation optional will remove requirements to mitigate potential adverse operational costs.

- **Evaluate Vessel Baseline Restrictions**: Existing horsepower and length restrictions inhibit fishermen from upgrading to safer, more efficient, and modern vessels. I understand both the NEFMC and Mid-Atlantic Fishery Management Council (MAFMC) have already initiated evaluations of these vessel baseline restrictions. I recommend a joint framework action with the MAFMC to consider permanently removing or adjusting the 10 percent length and 20 percent horsepower baseline upgrade restrictions currently tied to limited access permits as I believe modernizing fleet capacity could help improve global competitiveness.

- **Consider Reopening the Great South Channel Habitat Management Area (HMA) to Surfclams:** Blanket closures based on cod spawning data have displaced the clam dredge fleet, causing economic losses and potential localized depletion in surrounding state waters. I request that the Council consider drafting a framework amendment creating adaptive, data-driven exemptions allowing surfclam dredging in the Great South Channel HMA based on updated cod spawning data. This action could restore access to highly productive, sustainable clam harvest areas.

<u>Strategic EO 14276 Mandates for Council Consideration</u>:
To further optimize regional management, I urge the Council to systematically assess current FMPs and consider removing species that no longer require conservation and management. Where species are not in need of conservation and management, but including them in the FMP would help achieve ecosystem management objectives, I encourage the Council to consider redesignating them as Ecosystem Component (EC) species. Finally, as stated in the Seafood EO, I strongly encourage the Council to collaborate with the National Marine Fisheries Service (NMFS) on the expanded and continued use of Exempted Fishing Permits (EFPs) as agile management tools to test gear innovations, enhance value-added quality, and safely increase domestic production.

In some instances, the priorities identified above may implicate other statutory requirements. Where that applies, NMFS will work with the Council to determine how best to advance an action. Complementing your efforts, NMFS is concurrently evaluating internal actions to support these initiatives and your priorities. These include preparing Secretarial action regarding herring IFM relief should Council processes face administrative delays, prioritizing data modernization, and aligning our agency resources with the U. S. Department of Agriculture (USDA) to better support domestic seafood promotion.

Thank you for your ongoing dedication to New England's fishing communities. I look forward to advancing these vital reforms together.

Sincerely,

Eugenio Piñeiro Soler
Assistant Administrator
for Fisheries