No. 25-1845

---

UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

---

RELENTLESS INC., et al.,

*Plaintiffs-Appellants*,

v.

U.S. DEPARTMENT OF COMMERCE, et al.,

*Defendants-Appellees*.

---

On Appeal from the United States District Court
for the District of Rhode Island
Case No. 1:20-cv-00108-WES (Hon. William E. Smith)

---

**JOINT STATUS REPORT**

---

The parties jointly submit this status report in response to the Court's May 22, 2026, order holding this case in abeyance.

1. Plaintiffs challenge a National Oceanic and Atmospheric Administration rule implementing industry-funded monitoring in the Atlantic herring fishery. *See* 50 C.F.R. § 648.11(m). This Court upheld the rule in 2023. *Relentless, Inc. v. U.S. Dep't of Comm.*, 62 F.4th 621 (1st Cir. 2023). The Supreme Court vacated this Court's decision and remanded the matter in 2024. *Loper Bright*

*Enters. v. Raimondo*, 603 U.S. 369 (2024). This Court then remanded to the district court for consideration. *Relentless, Inc. v. U.S. Dep't of Comm.*, No. 21-1886, 2024 WL 3647769 (1st Cir. July 31, 2024). On remand, the district court upheld the rule. *Relentless Inc. v. U.S. Dep't of Comm.*, No. 20-cv-108, 2025 WL 1939025 (D.R.I. July 16, 2026). Plaintiffs appealed. Plaintiffs have filed their opening brief. The parties then jointly moved for an abeyance on May 13, 2026. The Court granted the motion on May 22, 2026, and directed the parties to file a status report within 90 days.

2. On May 1, 2026, the National Oceanic and Atmospheric Administration's Assistant Administrator for Fisheries wrote to the New England Fishery Management Council to convey the Secretary of Commerce's request that the council initiate a process "to revise and potentially withdraw the [industry-funded monitoring] provisions for the herring fishery." Exhibit A at 1, Joint Status Report, Doc. 0118494643 (Aug. 20, 2026). The Assistant Administrator requested that the council "consider and act on this request as soon as possible to initiate and develop an action for Secretarial review." *Id.* at 2. The Assistant Administrator further explained that if the council "is unable to initiate an action within a reasonable time, the Secretary is authorized to prepare an amendment to rescind these measures." *Id.*

3. The council discussed this request at its June 2026 meeting. *See* New England Fishery Management Council, June 2026 Council Audio (June 23, 2026) (beginning approximately 32:30), https://d23h0vhsm26o6d.cloudfront.net/2.-EO-14276.mp3. The Assistant Administrator for Fisheries then sent further correspondence to the council on July 2, 2026, that reiterated his request for the council to initiate an action to consider rescinding industry-funded monitoring requirements in the herring fishery. The council subsequently discussed the request again at its September 2026 meeting as part of the planning process for setting the council's 2027 priorities. *See* New England Fishery Management Council, NOAA Input for Council Prioritization and Action Planning (Sept. 16, 2026), https://d23h0vhsm26o6d.cloudfront.net/13.-EO-14276-and-2027-Initial-Priorities-Sept-2026-Council-Presentation.pdf; *see also* New England Fishery Management Council, NOAA Request for Executive Order 14276—Executive Committee Recommendations (Sept. 4, 2026), https://d23h0vhsm26o6d.cloudfront.net/12b.-260904-ExComm-to-Council-EO-14276-Recommendations.pdf.

4. This ongoing process could yield a resolution of this case without further litigation. Accordingly, an abeyance of proceedings in this matter remains appropriate. The parties propose to file another status report within 90 days.

Respectfully submitted,

/s/ *John J. Vecchione*
JOHN J. VECCHIONE
NEW CIVIL LIBERTIES ALLIANCE
4250 N. Fairfax Drive, Suite 300
Arlington, VA 22203
(202) 869-5210
John.Vecchione@ncla.legal

*Counsel for Appellants*

/s/ *Daniel Halainen*
DANIEL HALAINEN
*Attorney*
Energy and Natural Resources Division
U.S. Department of Justice
Post Office Box 7415
Washington, D.C. 20044
(202) 598-3329
daniel.j.halainen@usdoj.gov

*Counsel for Appellees*

November 18, 2026
DJ 90-8-8-08356

## CERTIFICATE OF COMPLIANCE

The foregoing status report complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2) because it contains 462 words, excluding the parts exempted under Federal Rule of Appellate Procedure 32(f).

The foregoing status report complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6), as required by Federal Rule of Appellate Procedure 27(d)(1)(E), because it has been prepared in a proportionally spaced typeface (14-point Times New Roman font) using Microsoft Word 2016.

*/s/ Daniel Halainen*
DANIEL HALAINEN
*Counsel for Appellees*